

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00140-CR

**CESAR RANGEL,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the County Court at Law
### Navarro County, Texas
### Trial Court No. 32063-CR

## MEMORANDUM OPINION

Upon his plea of guilty, the trial court convicted Cesar Rangel of the offense of

evading arrest or detention and assessed punishment at 8 months confinement in a state

jail facility and a $1000 fine. We affirm.

### Background Facts

Cesar Rangel was arrested on May 19, 2008 for the offense of evading arrest or

detention. He posted a surety bond on May 23, 2008, listing his address as 6207 Latta

Street, Dallas, Texas. Rangel was indicted on June 19, 2008, and a Dallas Deputy Constable attempted to serve Rangel at the 6207 Latta address on July 23, 2008, July 30, 2008, August 18, 2008, August 22, 2008, September 11, 2008, September 12, 2008, September 18, 2008, and October 29, 2008. On August 11, 2008, Rangel requested a court-appointed attorney, and his application listed the 6207 Latta address. The trial court appointed Bill Price to represent Rangel on August 11, 2008.

Rangel did not appear at a status hearing on April 14, 2010, and a capias was issued. Rangel was served with the capias on December 16, 2014, in Navarro County, and he appeared in court on December 29, 2014 with his attorney Bill Price. Rangel indicated to the trial court that he hired Eddie Hernandez to represent him, and the trial court did not arraign Rangel at that time. On February 5, 2015, Rangel appeared in court with his retained counsel, Eric Puente, the trial court arraigned Rangel, and Rangel orally requested a speedy trial. On March 12, 2015, Rangel filed a motion for dismissal because he was denied a speedy trial. The trial court held a hearing on the motion and denied the motion.

## Speedy Trial

In his sole issue on appeal, Rangel argues that the trial court erred in denying his motion to dismiss for failing to provide a speedy trial. An accused is guaranteed the right to a speedy trial by the Sixth Amendment to the United States Constitution. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *Zamorano v. State*, 84 S.W.3d 643

(Tex. Crim. App. 2002). *Barker* sets out four factors that must be considered in analyzing a speedy trial claim: 1) length of delay, 2) reason for delay, 3) assertion of the right, and 4) prejudice to the accused. *Cantu v. State*, 253 S.W.3d 273, 280 (Tex. Crim. App. 2008). The State has the burden of justifying the length of delay while the accused has the burden of proving that he asserted the right and showing prejudice. *Id*. The *Barker* factors are not weighed equally; rather, the accused's burden on the last two factors varies inversely with the State's degree of culpability for the delay. *Id*. Thus, the longer the delay and the more bad faith or negligence attributed to the State, the less an accused must show on the prejudice and diligence in asserting the right. *Id*. at 280-81.

In reviewing the trial court's ruling on Rangel's speedy trial claim, we apply a bifurcated standard of review: an abuse of discretion standard for the factual components, and a de novo standard for the legal components. *See Cantu v. State*, 253 S.W.3d at 282. Review of the individual *Barker* factors necessarily involves fact determinations and legal conclusions, but the balancing test as a whole ... is a purely legal question. *Id*.

The *Barker* test is triggered by a delay that is unreasonable enough to be "presumptively prejudicial." *Cantu v. State*, 253 S.W.3d at 281. Once the *Barker* test is triggered, courts must analyze the speedy-trial claim by first weighing the strength of each of the *Barker* factors and then balancing their relative weights in light of "the conduct of both the prosecution and the defendant." *Id*. No one factor is "either a necessary or

sufficient condition to the finding of a deprivation of the right of speedy trial." *Id*. Instead, the four factors are related and must be considered together along with any other relevant circumstances. *Id*.

Dismissal of the charging instrument with prejudice is mandated only upon a finding that an accused's Sixth Amendment speedy-trial right was actually violated. *Cantu v. State*, 253 S.W.3d at 281. Because dismissal of the charges is a radical remedy, a wooden application of the *Barker* factors would infringe upon "the societal interest in trying people accused of crime, rather than granting them immunization because of legal error." *Id*. Thus, courts must apply the *Barker* balancing test with common sense and sensitivity to ensure that charges are dismissed only when the evidence shows that a defendant's actual and asserted interest in a speedy trial has been infringed. *Id*. The constitutional right is that of a speedy trial, not dismissal of the charges. *Id*.

The State agrees that the seven year delay is presumptively prejudicial, and thus triggers a review under the *Barker* test. We will first address the second factor, reason for the delay. The record shows that the State attempted to serve Rangel multiple times at the address he provided. At the attempted service on September 18, 2008, the State was informed that Rangel had moved to an unknown location. Rangel did not appear at a status hearing in April 2010. The record shows that the State attempted to serve Rangel multiple times, but Rangel did not provide accurate contact information. The trial court

found that the State met its burden of justifying the reason for the delay, and the evidence supports that finding.

The defendant has no duty to bring himself to trial, but a defendant does have the responsibility to assert his right to a speedy trial. *Cantu v. State*, 253 S.W.3d at 283. The defendant's assertion of his speedy-trial right (or his failure to assert it) is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right. *Id*. In *Cantu*, the Court noted that "The Supreme Court has held that 'invocation of the speedy trial provision ... need not await indictment, information, or other formal charge.'" *Cantu v. State*, 253 S.W.3d at 283-4. It was incumbent upon Rangel to show that he had tried to get the case into court so that he could go to trial in a timely manner. *See Cantu v. State*, 253 S.W.3d at 284.

Rangel was arrested on May 19, 2008, posted bond on May 23, 2008, and was indicted on June 19, 2008. Rangel was served with the capias on December 16, 2014. Rangel orally requested a speedy trial on February 5, 2015, and on March 12, he requested a dismissal. Filing for a dismissal instead of a speedy trial will generally weaken a speedy-trial claim because it shows a desire to have no trial instead of a speedy one. *Cantu v. State*, 253 S.W.3d at 283. If a defendant fails to first seek a speedy trial before seeking dismissal of the charges, he should provide cogent reasons for this failure. *Id*. Repeated requests for a speedy trial weigh heavily in favor of the defendant, while the

failure to make such requests supports an inference that the defendant does not really want a trial, he wants only a dismissal. *Id.*

Rangel did not present any evidence at trial that he diligently tried to move the case forward. *See Cantu v. State*, 253 S.W.3d at 283. There is nothing in the record to indicate Rangel had any contact with the district attorney's office or trial court to check on the status of his case. Rangel requested and was appointed trial counsel indicating he was aware of the charges against him. The trial court found that Rangel failed to meet his burden of proving his assertion of the right to a speedy trial, and the evidence supports that finding.

We will now consider whether and to what extent the delay has prejudiced Rangel. We analyze the prejudice to Rangel in light of the interests that the speedy-trial right was designed to protect: (1) to prevent oppressive pretrial incarceration, (2) to minimize the accused's anxiety and concern, and (3) to limit the possibility that the accused's defense will be impaired. *Cantu v. State*, 253 S.W.3d at 285.

Rangel did not testify at the hearing on his motion and did not present any evidence. There was no evidence that Rangel was subjected to oppressive pretrial incarceration, and there was no evidence that Rangel had anxiety or concern over the pending case. The State presented evidence from the arresting officers who testified that they made a written report after Rangel's arrest and had a video recording of Rangel fleeing arrest. Rangel argues on appeal that he is unable to locate his co-defendant;

however, he did not present that evidence to the trial court. The trial court found that Rangel failed to meet his burden of proving he suffered prejudice, and the evidence supports that finding.

We find that the trial court did not err in denying Rangel's motion to dismiss for failing to provide a speedy trial. We overrule the sole issue.

## Conclusion

We affirm the trial court's judgment.



          AL SCOGGINS
          Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed August 3, 2016
Do not publish
[CR 25]

